### In re NORTHERN INDIANA OIL CO., Inc.
No. 3731.

District Court, N. D. Indiana,
Hammond Division.
April 8, 1946.

George Cohan, of Gary, Ind., for petitioner Cecilia Harris.

Fred F. Eichhorn, of Gary, Ind., for R. B. Fletcher.

Edgar J. Call, of Gary, Ind., for trustee.

SWYGERT, District Judge.

The Referee's order of November 1, 1945, which is under attack, contains this finding: "That Charles L. Surprise, the Trustee herein, has neither assumed nor rejected said lease pursuant to Section 70, sub. b of the Act of Congress relating to bankruptcy." The order authorizes the Trustee to sell the personal property listed in the lease at private sale to R. B. Fletcher for the sum of $4,784.92.

Section 70, sub. b, 11 U.S.C.A. § 110, sub. b, provides that "within sixty days after adjudication, the trustee shall assume or reject any executory contract * * * (and) any such contract or lease not assumed or rejected within such time * * * shall be deemed to be rejected." Applying the finding of the Referee to the law, the lease with its accompanying option to buy was rejected.

The Trustee's sale, although not in strict accordance with the lease, was obviously an attempt to sell under its terms. The Trustee admits this in his brief. The Referee's order authorizing the sale to Fletcher must be construed to the effect that the Referee also treated the sale as one under the terms of the option. If the sale were otherwise, General Order in Bankruptcy No. 18, 11 U.S.C.A. following section 53, requiring a public sale unless good cause is shown for a private sale would have been applicable.

The Trustee contends that "Section 70, sub. b does not require the Trustee to state which executory contracts he assumed", and that his course of conduct in accepting rent several months after adjudication was in effect an assumption. The Referee's specific finding that the Trustee neither assumed nor rejected the lease is a complete refutation of such contention. And regardless of such finding, there is nothing in the record of the proceedings to indicate that the Trustee received authority from the Referee to assume the contract. Collier on Bankruptcy says, "it is improper for a trustee to assume executory contracts on his own responsibility." Collier on Bankruptcy, 14th Ed., p. 1233. My own views are in accord with that statement.

For these reasons, the order of the Referee of November 1, 1945, is set aside as is likewise any sale made pursuant to that order and the Trustee is directed to proceed in the administration of the estate in accordance herewith.